In re A. B. BAXTER & CO. (two cases). In re WHITTAKER. In re JOSEPH.

(Circuit Court of Appeals, Second Circuit. January 7, 1907.)

Nos. 106, 240, 108, 241.

PRINCIPAL AND AGENT—EVIDENCE TO ESTABLISH RELATION—TRANSACTIONS BETWEEN BUCKET SHOPS.

The transactions between two concerns engaged in business as brokers or bucket shops, one located in New York and the other in Atlanta, Ga., *held* not such as to create the relation of principal and agent between them, but merely that of correspondents.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 40, Principal and Agent, § 41.]

Petition to Review Order of, and Appeal from, the District Court of the United States for the Southern District of New York.

J. J. Adams, for petitioner.  F. M. Czaki and Fried & Czaki, for respondent.

Before WALLACE, LACOMBE, and TOWNSEND, Circuit Judges.

PER CURIAM.  The appeal in this case presents the question whether the firm of Houser & Co. was the agent of the alleged bankrupt at Atlanta in soliciting orders to be executed by Baxter & Co. at New York for the purchase and sale of stocks and products.  Upon a state of facts similar in all essential particulars, it was decided in Municipal Telegraph & Stock Co. v. Ward, 138 Fed. 1006, 70 C. C. A. 284, that the relation of principal and agent did not exist.  That decision is controlling in this court as an authority, and an independent examination of the question is unnecessary.  It is proper to say, however, that there are two cases to the same effect decided in the appellate branch of the New York Supreme Court, viz.:  Holman v. Goslin, 103 App. Div. 606, 93 N. Y. Supp. 126, and Willard v. White, 56 Hun, 581, 10 N. Y. Supp. 170.  Smith v. New York Stock & Clearing House Co., 25 N. Y. Supp. 261, relied on as a decision to the contrary, is differentiated from the other decisions in the very important fact that the "correspondent" deposited all moneys received by him as margins and commissions in the bank account of the corporation, and also in the fact that the corporation had arranged directly to protect the customers of the correspondent from loss of margin or profits in their dealings with him.

It follows that the court below erred in allowing the claim of Whittaker.

The order is reversed, with costs.